IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHYLLIS FRANK, individually and on behalf of all others similarly situated, 3324 6th Street SE #303 Washington, DC 20032<br><br>*Plaintiff;*<br><br>v.<br><br>AUTOVEST, LLC 601 Abbot Road East Lansing, MI 48823<br><br>MICHAEL ANDREWS & ASSOCIATES 601 Abbot Road East Lansing, MI 48823<br><br>AND DOES 1-10 inclusive,<br><br>*Defendants.* | Civil Action No. 1:17-cv-2773<br><br>**CLASS ACTION** |

**COMPLAINT**

Plaintiff Phyllis Frank ("Frank") submits her class complaint against Autovest, LLC ("Autovest") and Michael Andrews & Associates, LLC ("MAA") (collectively "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Frank's FDCPA claims under 15 U.S.C. § 1692k(d) without regard to the amount in controversy.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) in that all of the Defendants' acts or omissions giving rise to Frank's claims occurred in the District of Columbia.

## PARTIES

3.Frank is a sui juris adult resident of the District of Columbia residing at 3324 6th Street SE, #303, Washington, DC 20032.

4.Frank is a consumer as defined by 15 U.S.C. § 1692a(3) in that the subject 2008 Chevrolet Impala ("Vehicle") was purchased for personal, family or household purposes.

5.Autovest is, and at times mentioned herein was, a Michigan limited liability company with a principal place of business located at 26261 Evergreen Road, Suite 390, Southfield, MI 48076.

6.Autovest is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) because Autovest admits "**Autovest L.L.C. is a debt collection agency. Pursuant to federal law, please be advised that is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**"[1]

7.Autovest's primary business purpose is trafficking in the purchase of defaulted automobile loans for pennies on the dollar and then collecting, or attempting to collect, the full face value of those loans from consumers by filing debt collection lawsuits. Autovest "doesn't have debt collectors that make phone calls or that sort of thing."[2]

8.MAA is, and at all times mentioned herein was, a Michigan limited liability company with a principal place of business located 26261 Evergreen Road, Suite 390, Southfield, MI 48076.

9.MAA is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) because MAA admits "Michael Andrews & Associates, LLC is a debt collection agency."[3]

---

[1] https://www.autovestllc.com (Emphasis in original)

[2] March 13, 2013 deposition testimony of Autovest's 30(b)(6) witness

[3] http://www.michaelandrewsllc.com

10. DOES 1 through 10 are persons or entities whose true names and capacities are presently unknown to Frank, and who therefore are sued by such fictitious names. Frank is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, are responsible in some manner for the matters alleged herein, and are jointly and severally liable to Frank. Frank will seek leave of court to amend her complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

11. At all times mentioned, Defendants were the agent(s) of the other and were acting within the course and scope of such agency and are jointly, severally and vicariously liable to Frank for all damages.

## FACTUAL ALLEGATIONS

12. In May 2011, Frank purchased the subject Vehicle from Monster Auto Credit under a written Retail Installment Contract ("RIC").

13. The terms of the RIC are governed by Federal law, Maryland law and the Credit Grantor Closed End Credit Provisions (Subtitle 10) of Title 12 of the Commercial Law Article of the Maryland Code.

14. The RIC contains the following notice: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF.

15. The RIC represented to Frank that Monster Auto Credit immediately assigned its interest in the RIC to "First Investors Financial Services" ("FIFS").

16. The RIC is also embossed to a stamp representing to Frank that FIFS "has sold and assigned all right, title and interest in this contract to First Investors Auto Receivables Corporation…" ("FIAR").

17. Frank ultimately defaulted on the loan. First Investors Servicing Corporation ("FISC") sent Frank a letter in August 2015 stating it had repossessed the Vehicle.

18. Nine months later, in June 2016, after default and repossession, FIFS sent Frank a letter claiming it had assigned "ownership of your contract" to Autovest.

19. Four months later, in October 2016, Autovest filed a lawsuit against Frank captioned as "Autovest L.L.C. as assignee of First Investors Financial Services, Inc." claiming Frank owed a debt to Autovest for $9,365.66.

20. Autovest, FIFS, FIAR, and MAA are separate and distinct entities.

21. Frank was served with the summons and complaint on February 8, 2017. A default was entered against Frank on February 27, 2017—less than 20 days after being served.

22. Autovest moved for a default judgment on April 25, 2017. Attached to Autovest's motion is an affidavit under the penalty of perjury from Glenn Deuman ("Deuman"). Deuman states under oath that he is employed by Autovest as a Sr. Technical Product Manager.

23. Deuman is not an employee of Autovest. Deuman is an employee of MAA—a third-party debt collection agency, not a law firm—that Autovest "refers its accounts to." Deuman publically holds himself out as being a Sr. Technical Product Manager at MAA since August 2001.[4]

24. Deuman's representations are material by representing to Frank that Autovest had the right to collect the debt, thereby materially impacting Frank's ability to intelligently decide whether to pay, or not to pay, the debt to Autovest.

25. Deuman claims to have "personal knowledge" that Monster Auto Credit assigned Frank's account to FIFS who then assigned the account directly to Autovest.

26. Deuman claims to have "personal knowledge" of the Vehicle purchase, FIFS's record-keeping practices, expenses incurred as a result of the repossession, its transactions with Frank, as well as the sale and disposition of the Vehicle by Bel-Air Auto Auction—all of which

---

[4] See Exhibit "A"

occurred more than six months prior to the purported June 2016 assignment of Frank's account from FIFS to Autovest.

27. Deuman, and other affiants, send their affidavits via overnight mail from Michigan to Autovest's network attorneys across the United States to obtain default judgments against unwitting consumers.

28. Autovest has retainer agreements with a nationwide network of debt collection law firms. Autovest's network attorneys are paid contingency-based attorney's fees under their retainer agreements.

29. Autovest attempted to collect contingency-based collection or attorney's fees of $895 from Frank. Contingency-based collection or attorney's fees are unauthorized by the RIC because Frank only agreed to pay the actual costs of collection.

30. The default entered against Frank was vacated on May 9, 2017.

31. Frank was deceived by the Defendants' false, deceptive and misleading representations of the actual creditor, Deuman's affidavit, and the amount owed.

32. Frank has been injured in the form of agitation, annoyance, emotional distress, and undue inconvenience as a result of the Defendants' deceptive debt collection practices.

33. Frank has incurred actual damages including, but not limited to, attorney's fees and costs as a direct result of Defendants' unlawful debt collection practices.

34. The method and manner of Defendants' debt collection practices would affect the least sophisticated consumer's ability to make an intelligent decision whether to challenge or concede the claims alleged.

35. The method and manner of Defendants' debt collection practices are routine, intentional, and in open defiance of consumer protection statutes.

## CLASS ALLEGATIONS

36. Frank brings this action on behalf of one multistate class, and two subclasses, under Fed. R. Civ. P. 23(b).

37. The multistate class consists of: (a) all natural persons; (b) sued by Autovest; (c) using an affidavit falsely claiming to be an employee of Autovest; (d) in collecting, or attempting to collect, defaulted automobile loans; (e) within one year prior to the filing of this action.

38. The first multistate subclass consists of: (a) all natural persons; (b) sued by Autovest; (c) misrepresenting the actual creditor; (d) in collecting, or attempting to collect, defaulted automobile loans; (e) within one year prior to the filing of this action.

39. The second multistate subclass consists of: (a) all natural persons; (b) sued by Autovest; (c) collecting, or attempting to collect, unauthorized contingency-based collection or attorney's fees; (d) for defaulted automobile loans; (e) within one year prior to this action.

40. The class members are so numerous that joinder is impracticable for the following nonexclusive issues:

   (a) Joinder of all class members would create extreme hardship and inconvenience as they reside all over the country;

   (b) Individual claims by the class members are impractical because the costs to pursue individual claims far exceed the value of what any one class member has at stake. As a result, individual class members have no interest in prosecuting and controlling separate actions;

   (c) There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

   (d) The interests of justice will be well served by resolving the common disputes of potential class members in one forum; and

   (e) The action is manageable as a class action.

41. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominate common questions are:

   (a) Whether the Defendants have a practice of misrepresenting the actual creditor in consumer debt collection lawsuits;

   (b) Whether the Defendants have a practice of filing false, deceptive, or misleading affidavits to obtain default judgments in consumer debt collection lawsuits;

   (c) Whether the Defendants have a practice of collecting, or attempting to collect, contingency-based collection or attorney's fees unauthorized by the underlying retail installment contracts; and

   (d) Whether such practices violate the FDCPA.

44. The claims of Plaintiffs are typical of the claims of class members because of the similarity, uniformity and common purpose of the Defendants' unlawful conduct. All claims are based on the same facts and the same legal theories.

45. Plaintiffs will fairly, adequately and vigorously represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer debt collection abuse cases.

46. A class action is superior to other alternative methods of adjudicating this dispute because individual suits are not economically feasible given the amount in controversy, and having the means to retain counsel experienced in consumer protection litigation.

## CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 ET SEQ.

47. Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-46, inclusive, above, as if fully set forth herein.

48. Defendants violated 15 U.S.C. §1692d through conduct designed to annoy, harass, oppress, and abuse Frank by claiming "Autovest L.L.C. [is the] assignee of First Investors

Financial Services, Inc." when FIFS misrepresented the actual creditor to Frank claiming it "sold and assigned all right, title and interest in this contract to First Investors Auto Receivables Corporation ...."

49. Defendants violated 15 U.S.C. § 1692d through conduct designed to annoy, harass, oppress, and abuse Frank by using Deuman's false verification—claiming to be an employee of Autovest when Deuman is an employee of MAA—to obtain an unlawful default judgment.

50. Defendants violated 15 U.S.C. § 1692d through conduct designed to annoy, harass, oppress, and abuse Frank by collecting, or attempting to collect, contingency-based attorney's fees that were not authorized by the RIC because Frank only agreed to pay the actual costs of collection.

51. Defendants violated 15 U.S.C. § 1692d(5) through false, deceptive or misleading debt collection practices by filing suit claiming "Autovest L.L.C. [is the] assignee of First Investors Financial Services, Inc." when FIFS misrepresented the actual creditor to Frank claiming it "sold and assigned all right, title and interest in this contract to First Investors Auto Receivables Corporation ...."

52. Defendants violated 15 U.S.C. § 1692d(5) through false, deceptive or misleading means by using Deuman's false verification—claiming to be an employee of Autovest when Deuman is an employee of MAA—to obtain an unlawful default judgment.

53. Defendants violated 15 U.S.C. § 1692d(5) through false, deceptive or misleading means by collecting, or attempting to collect, contingency-based attorney's fees that were not authorized by the RIC because Frank only agreed to pay the actual costs of collection.

54. Defendants violated 15 U.S.C. § 1692e through false, deceptive and misleading means by claiming "Autovest L.L.C. [is the] assignee of First Investors Financial Services, Inc." when FIFS misrepresented the actual creditor to Frank claiming it "sold and assigned all right, title and interest in this contract to First Investors Auto Receivables Corporation ...."

55. Defendants violated 15 U.S.C. § 1692e through false, deceptive or misleading means by using Deuman's false verification—claiming to be an employee of Autovest when Deuman is an employee of MAA—to obtain an unlawful default judgment.

56. Defendants violated 15 U.S.C. § 1692e through false, deceptive or misleading means to collect the debt by collecting, or attempting to collect, unauthorized contingency-based collection or attorney's fees that were not authorized by the RIC because Frank only agreed to pay the actual costs of collection.

57. Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and amount of the debt in collecting, or attempting to collect, contingency-based collection or attorney's fees that were not authorized by the RIC because Frank only agreed to pay the actual costs of collection.

58. Defendants violated 15 U.S.C. § 1692e(10) through false, deceptive and misleading means by filing suit claiming "Autovest L.L.C. [is the] assignee of First Investors Financial Services, Inc." when FIFS misrepresented the actual creditor to Frank claiming it "sold and assigned all right, title and interest in this contract to First Investors Auto Receivables Corporation …."

59. Defendants violated 15 U.S.C. § 1692e(10) through false, deceptive or misleading means by using Deuman's false verification—claiming to be an employee of Autovest when Deuman is an employee of MAA—to obtain an unlawful default judgment.

60. Defendants violated 15 U.S.C. § 1692e(10) through false, deceptive and misleading means by collecting, or attempting to collect, unauthorized contingency-based collection or attorney's fees that were not authorized by the RIC because Frank only agreed to pay the actual costs of collection.

61. Defendants violated 15 U.S.C. § 1692e(14) through false, deceptive and misleading representations by using Deuman's false verification—claiming to be an employee of Autovest when Deuman is an employee of MAA—to obtain an unlawful default judgment.

62. Defendants violated 15 U.S.C. § 1692f through unfair or unconscionable conduct by claiming "Autovest L.L.C. [is the] assignee of First Investors Financial Services, Inc." when FIFS misrepresented the actual creditor to Frank claiming it "sold and assigned all right, title and interest in this contract to First Investors Auto Receivables Corporation …."

63. Defendants violated 15 U.S.C. § 1692f through unfair or unconscionable conduct by using Deuman's false verification—claiming to be an employee of Autovest when Deuman is an employee of MAA—to obtain an unlawful default judgment.

64. Defendants violated 15 U.S.C. § 1692f through unfair or unconscionable conduct by collecting, or attempting to collect, unauthorized principal, interest, costs, and contingency-based collection or attorney's fees that were not authorized by the RIC because Frank only agreed to pay the actual costs of collection.

**PRAYER FOR RELIEF**

Frank respectfully prays that judgment be entered against the Defendants, and each of them, for the following:

    A. Actual damages;

    B. Statutory damages;

    C. Costs of suit and reasonable attorney's fees; and

    D. For such other and further relief as the court may deem just and proper.

**JURY DEMAND**

Frank demands trial by jury.

DATED:  December 23, 2017              Respectfully submitted,

*Dean Gregory*
Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1717 K Street NW
Suite 900
Washington, DC 20006
Telephone: (202) 905-8058
Facsimile: (202) 776-0136
E-mail: dean@deangregory.com

*ATTORNEY FOR PHYLLIS FRANK*